E-FILED  2014 JUN 04 11:49 PM POLK - CLERK OF DISTRICT COURT

## IN THE DISTRICT COURT OF THE STATE OF IOWA IN AND FOR POLK COUNTY

| | |
|---|---|
| MARK HAYES,<br><br>Plaintiff,<br><br>v.<br><br>MORTGAGE COMPLIANCE ADVISORS LLC, and ALISON PICKETT,<br>Defendants. | Case No. _____<br><br>PETITION AT LAW AND JURY DEMAND<br><br>Date filed: 6/4/14 |

COMES NOW Plaintiff, Mark, and through his attorney, Joseph C. Glazebrook, states the following for his causes of action against the above-named Defendants:

### PARTIES AND JURISDICTION AND VENUE

1. Plaintiff, Mark Hayes resides in Polk County, Iowa.

2. Defendant, Mortgage Compliance Advisors, LLC is headquartered in Utah.

3. Defendant, Mortgage Compliance Advisors, LLC has a substantial presence in Des Moines, Polk County, Iowa.

4. Defendant Mortgage Compliance Advisors, LLC has dozens of employees in Des Moines, Polk County, Iowa.

5. Defendant Mortgage Compliance Advisors, LLC, engages in business operations based in Des Moines, Polk County, Iowa.

6. Defendant Alison Pickett is an employee of Defendant Mortgage Compliance Advisors, LLC.

7. Defendant Alison Pickett works primarily in Polk County, Iowa.

8. Defendant Alison Pickett lives in the State of Iowa.



E-FILED  2014 JUN 04 11:49 PM POLK - CLERK OF DISTRICT COURT

9.   All material facts alleged in this petition occurred in Polk, Iowa.

10. The Iowa District Court in and for Polk County has personal jurisdiction over Defendant
    Mortgage Compliance Advisors, LLC.

11. The amount in controversy in this matter exceeds the jurisdictional limit.

12. Plaintiff has exhausted his administrative remedies by filing an administrative Civil
    Rights Complaint against Defendant for any and all claims asserted for which such
    exhaustion is required.

13. The Plaintiff has requested and received a right to sue letter, dated March 6, 2014.

14. The Iowa District Court for Polk County has Subject Matter Jurisdiction over this matter.

15. Polk County District Court constitutes an appropriate venue for this action.

## STATEMENT OF FACTS

16. Mark Hayes was employed by Defendant Mortgage Compliance Advisors, LLC in or
    about August 2012.

17. Mr. Hayes suffers from chronic pain, depression, and anxiety.

18. Mr. Hayes' pain stems from a car accident he suffered in 2011.

19. At the time Mr. Hayes was employed, he maintained a good working relationship with
    his colleagues and performed his job well.

20. In or around March, 2013, Mr. Hayes suffered a panic attack and was absent from work
    for several days in relation to this event.

21. Mr. Hayes provided a Doctor's Note in relation to this event.

22. Mr. Hayes was told by his employer that these absences would be excused.

23. In Response to Hayes' medical absence, Defendant Mortgage Compliance Advisors, LLC
    instituted disciplinary action against Mr. Hayes.

E-FILED 2014 JUN 04 11:49 PM POLK - CLERK OF DISTRICT COURT

24. After Mr. Hayes' panic attack, individuals at work, including Alison Pickett, Lesa Howard, and Jodi Landry, began treating Hayes differently.

25. Pickett, Howard, and Landry were all in management with the Defendant Mortgage Compliance Advisors, LLC.

26. Defendants and its agents issued a warning to Hayes sometime after March, 2013, indicating that if he had to miss more work for medical appointments lasting more than two hours, he would be written up and terminated.

27. A series of discussions ensued between Plaintiff and Defendant Pickett, discussing Plaintiff's upcoming medical appointments and needs.

28. In these email discussions between April 1 – April 9, 2013, Plaintiff requested accommodation in the form of allowing him to attend medical appointments, physical therapy, and allowing him to make up for missed work time from home. Working from home would allow Plaintiff to rest when his chronic pain became too severe.

29. Defendant Pickett reiterated Hayes' work requirements and was not receptive to Hayes' requests for accommodation.

30. On or about April 11, Defendant Pickett Denied Hayes' request for Accommodation.

31. Subsequently, Defendant Pickett requested verification of Hayes' medical conditions.

32. After a series of discussions, Hayes' provided a doctor's note, indicating he had been diagnosed with syncope and fatigue, related to a blood pressure/heart condition Hayes had previously informed his employer about.

33. The note indicated Hayes would be unable to work for 3-4 months in the office because of this condition. The note indicated Hayes could work from home, as Hayes had requested.

E-FILED  2014 JUN 04 11:49 PM POLK - CLERK OF DISTRICT COURT

34. Nonetheless, Defendants continued to request further medical verification.

35. Hayes indicated that he had provided sufficient medical information and that he did not

    need to provide additional personal private medical information in order to effectuate his

    rights under the ADA, and that the request for additional information about his medical

    information was invasive and overly broad.

36. Defendants responded, indicating that they disagreed with Hayes on this position and that

    if he didn't return to work on May 29, 2013, he would be considered absent and

    disciplined accordingly.

37. Hayes was unable to return to work on May 29, 2013.

38. Hayes was terminated on June 5, 2013.


## CLAIM I:  WRONGFUL TERMINATION - BREACH OF CONTRACT

39. Plaintiff re-alleges and incorporates by reference the above paragraphs

40. All employees and employers in the State of Iowa are parties to a contract for

    employment regardless of whether said contract is formalized in writing.

41. Mr. Hayes was party to an employment contract with Defendant prior to his termination

    on June 5, 2013.

42. Mark Hayes became employed by Defendant in or around August 2012.

43. Upon his employment with Defendant, Mr. Hayes was given an employee handbook

    (hereinafter "handbook").

44. The handbook lays out the policies for employees and, among other things, addresses the

    issues of appropriate conduct, discipline, and grounds for termination.

45. The handbook is given to all employees of Defendant upon employment.

46. All employees of Defendant Mortgage Compliance Advisors are required and expected to read and be familiar with the handbook.

47. All employees of Defendant Mortgage Compliance Advisors are required to act within and according to the provisions of the handbook as a condition of their employment.

48. All employees of Defendant Mortgage Compliance Advisors are required to sign an acknowledgement form, which confirms that an employee has received, read, and familiarized her or himself with the handbook.

49. In deciding whether or not to become employed with Defendant Mortgage Compliance Advisors, employees are subject to the terms of the handbook as conditions of their employment.

50. In deciding whether or not to become employed with Defendant Mortgage Compliance Advisors, employees rely on the terms of the handbook as provisions of their employment.

51. Employees' reliance on Defendant Mortgage Compliance Advisors's handbook is reasonably foreseeable to Defendants.

52. The employee handbook prescribes the circumstances in which employee discipline is appropriate.

53. The employee handbook prescribes the procedure for disciplining employees.

54. Mark Hayes never exhibited any of the conduct which according to the handbook would subject him to disciplinary action.

55. Because Defendants did not follow their own handbook disciplinary requirements, the termination of Mr. Hayes was unjustified, wrongful, and in violation of his contract.

E-FILED   2014 JUN 04 11:49 PM POLK - CLERK OF DISTRICT COURT

56. Mr. Hayes has been damaged as a result of the unlawful termination in violation of his

contract rights.

WHEREFORE, Plaintiff Mark Hayes respectfully requests this Court grant judgment in his favor

for the claim outlined above, awarding him damages, plus costs, interest, and fees, and grant any

other relief in the interest of justice.

## CLAIM II: WRONGFUL TERMINATION – FAILURE TO ACCOMMODATE

57. Plaintiff re-alleges and incorporates by reference the above paragraphs.

58. Mr. Hayes suffered from chronic pain, depression, fatigue, and syncope

59. These ailments affected Mr. Hayes' ability to continue coming into the office and

working for long hours at a desk.

60. Mr. Hayes' difficulties at working in the office warranted accommodation.

61. Mr. Hayes was qualified as an Auditor II and adequately fulfilled his duties under that

position.

62. On April 9, Mr. Hayes sent in a request for reasonable accommodation to the Defendants.

63. The request included without limitation allowing Mr. Hayes to attend medical

appointments, physical therapy, and make up work from home.

64. The request for accommodation was directly related to the disabilities that Mr. Hayes

suffered from.

65. Defendants requested medical documentation supporting the request.

66. Mr. Hayes provided a note to the Defendants from his doctor that indicated his physical

limitations.

67. Defendants failed to accept reasonable accommodation as required under the ADA.

E-FILED 2014 JUN 04 11:49 PM POLK - CLERK OF DISTRICT COURT

68. As a result of this failure, conditions at work deteriorated and Mr. Hayes was unable to continue to work without said accommodation.

69. As a result of the Defendants' failure to accommodate Mr. Hayes, Mr. Hayes was terminated.

70. As a result of the wrongful termination, Hayes was damaged.

71. Further, because the Defendants acted willfully and wantonly in disregard for Mr. Hayes' rights, Hayes is entitled to punitive damages pursuant to Iowa Code § 668A.1.

WHEREFORE, Plaintiff Mark Hayes respectfully requests this Court grant judgment in his favor for the claim outlined above, awarding him damages, plus costs, interest, and fees, and grant any other relief in the interest of justice.

## CLAIM III: WRONGFUL TERMINATION -- DISABILITY DISCRIMINATION

72. Plaintiff re-alleges and incorporates by reference the above paragraphs.

73. Mr. Hayes was employed by Defendants as an Auditor II, for duties which he faithfully and adequately fulfilled.

74. Defendants terminated Mr. Hayes' employment for continued violation of the Attendance Policy.

75. Mr. Hayes suffered from chronic pain, depression, fatigue, and syncope.

76. These medical conditions kept Mr. Hayes from being working at the office for long hours and required frequent visits to the doctor along with physical therapy.

77. While working for Defendants, Plaintiff experienced differential treatment because of his disability.

E-FILED 2014 JUN 04 11:49 PM POLK - CLERK OF DISTRICT COURT

78. Mr. Hayes had to take multiple days off work for medical issues relating to his disability.

79. Mr. Hayes provided Defendants with adequate documentation from a medical professional excusing him from these missed days.

80. Defendants issued a "Disciplinary Notice" with a verbal warning and was placed on a "60 day performance plan."

81. Defendants denied Mr. Hayes' reasonable request for accommodation and demanded that Mr. Hayes continue coming to work against doctor's orders.

82. Defendants demanded additional medical documentation and continued to find that which was provided to be inadequate.

83. It is unlawful in the state of Iowa and under federal law to discriminate on the basis of disability.

84. The alleged grounds for Mr. Hayes' termination were designed to circumvent the public policy of the State of Iowa related to disability non-discrimination.

85. The stated reason for Mr. Hayes' disciplinary actions and termination was a pretext.

86. In truth, the reason for Mr. Hayes' disciplinary actions and termination was his disability.

87. The termination of Mr. Hayes under these circumstances constituted an action contrary to the public policy of the State of Iowa and the United States of America.

88. As a result of this termination inconsistent with state and federal public policy, Mr. Hayes was damaged.

89. Further, because the Defendants acted willfully and wantonly in disregard for Mr. Hayes' rights, Hayes is entitled to punitive damages pursuant to Iowa Code § 668A.1.

E-FILED  2014 JUN 04 11:49 PM POLK - CLERK OF DISTRICT COURT

WHEREFORE, Plaintiff Mark Hayes respectfully requests this Court grant judgment in his favor for the claim outlined above, awarding him damages, plus costs, interest, and fees, and grant any other relief in the interest of justice.

## CLAIM IV: FAILURE TO PAY WAGES

90. Plaintiff re-alleges and incorporates by reference the above paragraphs.

91. At the time of Mr. Hayes termination, he was not paid in full for the work he had performed to date.

92. The failure to fully pay Mr. Hayes has been ongoing for months.

93. The failure to pay Mr. Hayes was an intentional act of the Defendangts

94. As a result, Mr. Hayes was damaged.

95. Accordingly, pursuant to Iowa Code § 91A.8, the employer is liable for damages to Mr. Hayes.

96. Further, because the Defendants acted willfully and wantonly in disregard for Mr. Hayes' rights, Hayes is entitled to punitive damages pursuant to Iowa Code § 668A.1.

WHEREFORE, Plaintiff Mark Hayes respectfully requests this Court grant judgment in his favor for the claim outlined above, awarding him damages, plus costs, interest, and fees, and grant any other relief in the interest of justice.

## CONCLUSION

E-FILED  2014 JUN 04 11:49 PM POLK - CLERK OF DISTRICT COURT

WHEREFORE, Plaintiff Mark Hayes respectfully requests this Court enter an order granting him

the relief outlined above and grant any other relief in the interests of justice.

## JURY DEMAND

WHEREFORE, Plaintiff Mark Hayes respectfully requests this Court grant a Jury Trial on all

claims to which he is so entitled.

Respectfully Submitted,

*/s/ Joseph C. Glazebrook*
Joseph Glazebrook AT0010193
Glazebrook & Moe, LLP
118 SE 4th St. Ste. 101
Des Moines, IA 50309
Phone: 515-259-1110
Fax:          515-259-1112
joseph@glazebrookmoe.com
**Attorney for the Plaintiff**