IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARK HAYES,<br><br>　　　Plaintiff,<br><br>vs.<br><br>MORTGAGE COMPLIANCE ADVISORS L.L.C., and ALISON PICKETT,<br><br>　　　Defendants. | No. 4:14-cv-00392 – JEG<br><br>**O R D E R** |

This matter comes before the Court on Partial Motion to Dismiss, ECF No 4, by Mortgage Compliance Advisors and Alison Pickett (Defendants). The deadline for Mark Hayes (Plaintiff) to resist was November 10, 2014. Plaintiff has filed no resistance nor sought additional time to respond. The Court finds a hearing is unnecessary, and the Motion is fully submitted and ready for disposition.

**I.   BACKGROUND**

Plaintiff filed a petition in the Iowa District Court for Polk County on June 4, 2014. Plaintiffs filed an amended petition on July 2, 2014, and served Defendants on September 3, 2014. Defendants timely removed the action to this Court on October 1, 2014.

The Amended Petition alleges that Plaintiff was unable to work at Mortgage Compliance Advisors' office due to his health condition. Plaintiff alleges that he requested an accommodation to work from home, but Defendants denied the request and terminated him.

Plaintiff's Amended Petition contains four claims. He titles these claims wrongful termination/breach of contract, wrongful termination/failure to accommodate, wrongful termination/disability discrimination, and failure to pay wages.

**II.    DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants ask the Court to dismiss Plaintiff's breach of contract claim, any state-law claims alleging disability discrimination in violation of the Iowa Civil Rights Act (ICRA), any claim to punitive damages under Iowa Code § 688A.1 relating to the alleged ICRA or Iowa Wage Payment Collection Law (IWPCL) violations, and all claims against the individual defendant, Ms. Pickett.  Defendants submitted a brief and exhibits in support of the Motion.[1]  Plaintiff has not responded.[2]

Despite the lack of a response from the Plaintiff, the Court has thoroughly reviewed Defendants' motion and other applicable authority to assess the validity of the motion.  Defendants' motion is well-supported.  Accordingly, in the absence of resistance from Plaintiff, the Court must grant Defendants' motion.

Count I, alleging breach of contract, is dismissed with prejudice.  Plaintiff's state-law claims alleging discrimination on the basis of Plaintiff's disability are dismissed with prejudice.  Plaintiff's requests for punitive damages relating to alleged violations of the ICRA and IWPCL are dismissed with prejudice.  All claims against the individual defendant, Ms. Pickett, are dismissed with prejudice.

---

[1] As Defendants note, the documents submitted – Plaintiff's employment agreements and a right-to-sue letter from the EEOC – do not require the Court to treat Defendants' motion as a motion for summary judgment.  Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) ("In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion . . . .  Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion." (quoting Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999))).  Thus, the Court is not bound by the provisions of Fed. R. Civ. P. 12(d).

[2] "If no timely resistance to a motion is filed, the motion may be granted without notice." L.R. 7(f).

### III. CONCLUSION

For the forgoing reasons, the Defendants' Partial Motion to Dismiss, ECF No. 4, must be **granted**.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2014.

_____
JAMES E. GRITZNER, Chief Judge
U.S. DISTRICT COURT